

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2003

# Dunkin Donuts Inc v. Liu

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2972

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Dunkin Donuts Inc v. Liu" (2003). *2003 Decisions.* Paper 130.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/130

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 02-2972

———

DUNKIN' DONUTS INCORPORATED;
THIRD DUNKIN' DONUTS REALTY, INC.

v.

GUANG CHYI LIU; SUSAN YEH LIU;
G.C.S.C.L. COMPANY, INC.

(Eastern District of Pa. Civil No. 99-cv-03344)


DUNKIN' DONUTS INCORPORATED;
THIRD DUNKIN' DONUTS REALTY, INC.

v.

GUANG CHYI LIU; SUSAN YEH LIU;
G.C.S.C.L. COMPANY, INC.

(Eastern District of Pa. Civil No. 00-cv-03666)


GUANG CHYI LIU; SUSAN YEH LIU;
G.C.S.C.L. COMPANY, INC.,

Appellants

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Nos. 99-cv-03344 and 00-cv-03666)
District Judge:  Hon. James McGirr Kelly

———

Submitted Under Third Circuit LAR 34.1(a)
October 14, 2003

Before:  SLOVITER, ROTH, and CHERTOFF, <u>Circuit</u> <u>Judges</u>

(Filed November 6, 2003)

<u>OPINION OF THE COURT</u>

SLOVITER, <u>Circuit Judge</u>.

Appellants Guang Chyi and Susan Yeh Liu and G.C.S.C.L. Co., Inc. (the corporation that had the obligations under the relevant agreements) (collectively the Lius) appeal from the June 25, 2002 Order of the District Court (1) denying their motion for reconsideration of their counterclaim for breach of the implied covenant of good faith and fair dealing, (2) granting the motion of the appellees Dunkin' Donuts and Third Dunkin' Realty (Dunkin' collectively) for summary judgment on their claims for unpaid rent and fees, (3) granting Dunkin's motion to strike Mr. Liu's May 2, 2002 filing and (4) granting Dunkin's motion for a permanent injunction terminating the Franchise Agreement and Lease between the parties.  The Lius also appeal the District Court's October 17, 2002 Order awarding Dunkin' $199,974.62 in attorney's fees and $28,468.47 in expenses.

Because we write solely for the parties and not for publication, we need not set forth a detailed recitation of the background for these appeals and will limit our discussion to resolution of the issues presented.

2

# I.

On March 31, 1995, the Lius became franchisees of Dunkin' Donuts pursuant to an "agreement to transfer"; this agreement included the assumption of a Franchise Agreement and a Lease Agreement. The Franchise Agreement required that the Lius pay weekly franchise and advertising fees based on the store's gross sales and interest on unpaid fees. Pursuant to the Lease Agreement, the Lius paid Dunkin' a monthly rent totaling up to $7,812.50; "annual percentage rent" based on a rent-to-gross-sales ratio; and monthly real estate and other taxes.

Dunkin', using its "Quick Retail Sales Analysis" system, determined that the Lius under-reported their gross sales in 1998 in violation of their Franchise Agreement. Dunkin' told the Lius it was terminating the Franchise Agreement on May 20, 1999, but the Lius denied under-reporting their sales and refused to give up the store.

On June 30, 1999, Dunkin' filed a complaint in the District Court to terminate the Franchise Agreement. The Lius asserted counterclaims against Dunkin' for fraud, breach of implied covenant of good faith and fair dealing, and breach of duty to cooperate.

In a letter dated December 10, 1999, Dunkin' offered the Lius a settlement, pursuant to which the Lius would "sell their shop, make restitution for their underreporting, and pay Dunkin's fees to date." The letter added that there was "no possibility of a settlement that would allow [the Lius] to stay in the Dunkin' system." The Lius refused this offer.

When the Lius began falling behind on the franchise and advertising fees due under the Franchise Agreement, and failed to keep up there rents payments, Dunkin' first issued a Notice to Cure and then issued a Notice of Termination. Dunkin' filed a second complaint in District Court for unpaid fees and rents due and moved for a preliminary injunction on July 20, 2000.

At a preliminary injunction hearing on September 18, 2000, Mrs. Liu testified that all amounts owed to Dunkin' had been paid. The Magistrate Judge found her testimony not to be credible because she made misrepresentations regarding backdated checks. Because the Lius had breached their obligation to pay Dunkin' in a timely manner, the Magistrate Judge recommended that Dunkin's termination of the Lease be upheld.

The Court consolidated the two cases on September 27, 2000. On December 21, 2000, the District Court granted Dunkin's motion for preliminary injunction and directed the Lius to cease operations and deliver possession of the premises to Dunkin'. The Lius complied, and Dunkin' then sold the store to a third party for $665,000. On February 14, 2002, the District Court also granted Dunkin's motion for summary judgment as to the Lius' counterclaims.

On May 2, 2002, Mr. Liu filed a handwritten document, not signed by his attorney, which stated that he would like to "preserve the right to argue . . . [landlord and tenant] 'issues' in later stages." On June 25, 2002, the District Court struck from the record Mr. Liu's handwritten May 2, 2002 filing because the document was not signed by counsel, in

4

violation of Federal Rule of Civil Procedure 11. The District Court also granted Dunkin'

summary judgment for non-payment of fees, and a permanent injunction terminating the

Franchise Agreement and Lease. On October 17, 2002, pursuant to the fee-shifting

provision in the Franchise Agreement, the District Court awarded Dunkin' $97,499.70 in

attorney's fees and $13,872.96 in expenses based on the nonpayment issue, and

$102,474.92 in attorney's fees and $14,595.51 in expenses relating to Dunkin's defense

against the Lius' counterclaims, which the District Court found had no merit. The Lius

filed a timely Notice of Appeal.

## II.

We review the District Court's grant of summary judgment de novo. Huang v. BP

Amoco Corp., 271 F.3d 560, 564 (3d Cir. 2001). We review the Lius' claim regarding

the Pennsylvania Landlord Tenant Act of 1951 under a plenary standard. Parkway

Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 701 (3d Cir. 1993).

## III.

The Lius argue that the District Court failed to apply the Pennsylvania Landlord

Tenant Act of 1951 when it reviewed Dunkin's motions for summary judgment and

permanent injunction terminating the Lease. As a threshold matter, the Lius argue that

they preserved this issue for appeal based on Mr. Liu's May 2, 2002 handwritten

submission raising unspecified landlord-tenant issues, which was filed approximately

fifteen months after the Lius vacated the store. Federal Rule of Civil Procedure 11(a)

requires that pleadings include the signature of the party's attorney, and the signer's address and telephone number. Because Mr. Liu's filing included neither his attorney's signature nor his address or telephone number, the filing did not comply with Rule 11. Moreover, Mr. Liu's letter did not request specific relief or provide supporting legal arguments or facts necessary to state a cognizable claim. The District Court did not err in striking Mr. Liu's filing.

The Pennsylvania Landlord Tenant Act on which the Lius rely is not applicable to this case. The Act provides that, "before any writ of possession is actually executed, the tenant may, in any case for the recovery of possession solely because of failure to pay rent due, supersede and render the writ of no effect by paying . . . the rent actually in arrears and the costs." 68 Pa. Cons. Stat. § 250.503(c). The Lius did not default "solely because of failure to pay rent due," but also because of failure to pay franchise and advertising fees due.

Despite the plain language of the statute, the Lius contend that Section 250.503(c) applies because the Lease and Franchise Agreements constitute one, coterminous contract contemplating franchise and adverting fees as additional "rents." The cases on which the Lius rely only suggest that a lease and a franchise agreement may be read as a single indivisible agreement under bankruptcy statutes governing the assumption of executory statutes. See, e.g., In re Karfakis, 162 B.R. 719 (Bankr. E.D. Pa. 1993). Although the Franchise and Lease Agreements were signed the same day by largely the same parties

6

and have cross-default provisions, such interconnection does not convert franchise and advertising fees into "rent." Indeed, the Lius provide no authority for the proposition that franchise and advertising fees constitute "rent" within the meaning of Section 250.503(c). As Section 250.503(c) does not apply to the Lius' circumstances, it does not provide any basis to overturn the dismissal of the landlord-tenant claim.

The Lius also argue that the District Court improperly dismissed their counterclaim against Dunkin' for breach of the covenant of good faith and fair dealing by terminating the Lease based on improper financial motives. The Lius allege that Dunkin' imposed costly remodeling requirements and used an unreliable accounting system that over-estimated gross sales and franchise fees as a pretext to "broker" the Lius' store; that is, acquire the store through a legal proceeding for no consideration and resell it to a third party for a $665,000 profit. By contrast, the District Court found that the Lius did not provide sufficient evidence to support their claim; moreover, as a matter of law, the Lius' material breach of the Franchise Agreement triggered Dunkin's right to terminate the Agreement, rendering any ulterior financial motive irrelevant.

We need not revisit the sufficiency of the Lius' evidence because the legal issue here is controlling. We have previously stated that a "franchisor has the power to terminate the relationship where the terms of the franchise agreement are violated." S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 375 (3d Cir. 1992). Here, the terms of the Agreement authorized termination of the Franchise based upon material breach, such as

7

unpaid rent and fees. As such, even if the Lius had produced sufficient evidence of Dunkin's ulterior motive, motivational analysis would have been irrelevant because the Lius' non-payment constituted a material breach of the contract, which provided Dunkin' legitimate grounds for termination. We thus affirm the District Court's ruling.

The Franchise Agreement contained a specific fee-shifting provision for the award of reasonable attorney's fees as defined under Massachusetts law. Under Massachusetts law, courts are entitled to broad discretion, but are directed to consider the ability of the attorneys and the demand for their services, time spent on the matter by the attorneys, prices charged for similar services in similar areas, the value of the property affected, and the results secured by the attorneys. See Mulhern v. Roach, 494 N.E.2d 1327 (Mass. 1986). Because the District Court did not abuse its discretion or provide an excessive award to Dunkin', we affirm the District Court's October 17, 2002 Order awarding fees and costs.[1]

**IV.**

For the reasons set forth, we will affirm the judgment of the District Court.

---

[1] In the Lius' reply brief, they argue that they are entitled to relief from the District Court's October 17, 2002 Order awarding Dunkin' attorney's fees and costs based on various equitable factors. Inasmuch as the Lius' opening brief only challenged the attorney's fees award on "excessiveness" grounds and did not mention the equities argument, they have waived that argument. See Laborers Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

8

TO THE CLERK:

Please file the foregoing opinion.

/s/   Dolores K. Sloviter
Circuit Judge